

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00429-CV

IN RE REIDIE JAMES JACKSON, RELATOR

ORIGINAL PROCEEDING

December 11, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Reidie James Jackson, a Texas prison inmate appearing *pro se,* filed a petition asking the court to issue a writ of mandamus against respondent, the Honorable Ruben Gonzales Reyes, judge of the 72nd District Court of Lubbock County. The present original proceeding arises from a lawsuit Jackson filed against Robert Vaughn, Nick Emsoff, Peter Honesto, James Nall and David Guzman in the 72nd District Court. On the motion of Honesto, Nall and Guzman, Judge Reyes found Jackson to be a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code[1] and ordered him to furnish security in the amount of $500. When Jackson failed to provide the required security, Judge Reyes dismissed Jackson's claims against Honesto, Nall

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001-.104 (West 2002 & Supp. 2015).

and Guzman. Jackson says the case against the remaining two defendants is set for trial in April 2016. In the present proceeding, Jackson seeks a writ of mandamus requiring Judge Reyes to vacate his orders finding Jackson a vexatious litigant and dismissing his claims against Honesto, Nall and Guzman.[2] Because Jackson has an adequate remedy by appeal, we will deny his petition.

Analysis

While appellate review is a matter of right, mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). It is a means for correcting blatant injustice that will otherwise escape appellate review. *In re Reece,* 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding).

A relator seeking relief by mandamus has the burden of establishing the trial court clearly abused its discretion and he has no adequate remedy by appeal. *In re Prudential,* 148 S.W.3d at 135-36. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. As we interpret Jackson's petition, he lacks an adequate remedy by appeal because proceeding to trial in April with the case in its present posture will be "impractical and cause prejudice as a dismissal of these defendant (sic) may plausibly be referred to during trial or as some leverage during a settlement negotiation." Elsewhere he adds that should he prevail in the appeal of the complained-of orders, a second trial would be impractical.

---

[2] Honesto, Nall and Guzman have filed a motion seeking dismissal of Jackson's petition for want of jurisdiction. The motion is denied.

2

The determination whether an appellate remedy is adequate "is not an abstract or formulaic one; it is practical and prudential. It resists categorization . . . . [R]igid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *In re Prudential,* 148 S.W.3d at 136. In other words, whether an appellate remedy is adequate, thus precluding mandamus review, "depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137.

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Prudential,* 148 S.W.3d at 136.

While Jackson's expressed reasons for seeking mandamus relief prior to trial are understandable they are not sufficient to warrant review by mandamus. The challenged orders will not render the April trial a nullity or a waste of time and resources, nor will they evade appellate review if contested on appeal after trial. And other procedures are available at trial to insure that the jury is not prejudiced by mention of pretrial events that the trial court finds are irrelevant.

> Although in any case in which a trial court has committed error that might result in reversal on appeal, it could be argued that the parties and the public should be spared the time and expense of awaiting correction of the error on appeal, to conclude that mandamus review is available in any situation where a trial court may have committed reversible error would be to fundamentally alter our system of trial and appeal.

*In re City of Dallas,* 445 S.W.3d 456, 462 (Tex. App.—Dallas 2014, orig. proceeding).

We find Jackson has an adequate remedy by appeal. His petition for writ of mandamus is therefore denied. Having disposed of the case on the adequacy-of-appellate-remedy ground, we do not consider whether the mandamus record demonstrates a clear abuse of discretion.

Jackson also filed a motion for leave to file a petition for writ of mandamus. It is dismissed as moot. *See* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings is repealed"); *In re Bryant,* No. 07-11-0052-CV, 2011 Tex. App. LEXIS 1421, at *5 n.4 (Tex. App.—Amarillo Feb. 25, 2011, orig. proceeding) (per curiam, mem. op.).

Per Curiam